## Ira C. Woodward et al.
### v.
## Illinois Central Railroad Company.

*Railroads—Freight—Failure of Consignee to Remove upon Request—Storage by Company—Consumption by Fire—Contributory Negligence.*

In an action to recover from a railroad company the value of certain meal placed by it in a warehouse, subsequently consumed by fire, this court declines, in view of the evidence, to interfere with the judgment for the defendant.

[Opinion filed July 11, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Julius S. Grinnell, Judge, presiding.

Messrs. G. W. & J. T. Kretzinger, for appellants.

Mr. Edward R. Woodle, for appellee.

Gary, J. This case was tried at the Circuit Court by the judge without a jury.

In October, 1885, the appellee received, at its station in Chicago, by car No. 31,396, of the Great Eastern Line, 125 barrels of "Gold Dust" meal, and during that month delivered all but the thirty-five barrels in suit. Twice the appellee notified the appellants to remove it or it would be sent to store; the last notice, on November 11, 1885, stated it would be next day, as in fact it was.

In December, 1885, persons holding orders for twenty barrels of the residue of the meal called for it several times, and were informed by the clerk of the appellee that it had not arrived. He had forgotten the receipt in October, and did not look back in his books far enough to find it. The holders of the orders did not inform the appellants of their failure to get the meal until about January 12, 1886, when called upon

for payment.  One of the appellants then went to appellee and upon the information he gave them, the clerk ascertained and informed him that November 12, 1885, the meal had been sent to a storehouse, which was, on the 12th day of January, burned, and the meal was destroyed.

The appellee did not own the storehouse, but that is not material; for their negligence, if any, was in not informing the holders of the orders of the fact that the meal had been removed to the storehouse.  It must be, though no authority is cited to the point, that such was the duty of the appellee; yet the law must be reasonable, and not impose a duty so onerous as to make the performance of it impracticable.  There must be a reasonable limit to the time during which, without other clue than the presentation of an order for the goods, the carrier shall be required, among a multitude of transactions, to remember, or search the books for a particular shipment. The orders in this case did state the car, and one of them the date of shipment (not of receipt) but not where from, and the car does not appear to have belonged to the appellee.  So far as the case shows, those orders might have been consistent with a shipment from any point from which that kind of merchandise could have been sent by rail to Chicago, over any road connecting with the Illinois Central.

The appellants were very negligent in leaving the meal so long without attention, or at least in not giving such information to the persons taking their orders as would enable them intelligently to inquire for it.  Which party was guilty of negligence, and in what degree, were questions of fact, taking into consideration what is reasonably practicable in the conduct of the commerce of the country.

The mistake of the clerk was not the proximate cause of the destruction of the goods; fifteen barrels would have been burned if he had told the holders of the orders where to find the twenty barrels.  There is no error, and the judgment is affirmed.

*Judgment affirmed.*