7017

CATLETT v. CHARLESTON & WESTERN CAROLINA RY.

1. APPEAL.—There being some evidence here of overcharge in freight, finding by Circuit Judge that there was such overcharge is not reviewable here.

2. WAREHOUSEMAN—FREIGHT—PENALTY.—WHERE A CARRIER refused to permit a consignee of freight to remove it from its depot pending a dispute as to amount of freight charges and thus retains it beyond the time it would ordinarily be liable as carrier, it is liable as carrier in case of loss for value and penalty.

Before HYDRICK, J., Anderson, December, 1906. Affirmed.

Action by J. P. Catlett against Charleston and Western Carolina Railway. From circuit order, modifying judgment of magistrate, defendant appeals.

*Mr. E. M. Rucker,* for appellant, cites: *Penalty is unconstitutional if applied to an interstate shipment:* 196 U. S., 194; 78 S. C., 36.

*Mr. A. H. Dagnall,* contra: *Loss of shipment occurred with terminal carrier, and in such case penalty statute is constitutional:* 78 S. C., 36.

September 15, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. Two actions were brought by the plaintiff against the defendant in the magistrate court for the loss of property which occurred on the defendant's line, the property sued for having been destroyed by fire. The penalty of fifty dollars was claimed under the act 24 Stat., 81.

The magistrate's court, while giving judgment for $16, refused the penalty of $50, claiming that it was as warehouseman the defendant held the goods. From this judg-

ment the plaintiff appealed to the Circuit Court, and at the hearing of such appeal the Circuit Judge held that not only was the defendant due the plaintiff $16, the value of the goods, but also the penalty of $50, under the statute.

The second action was appealed to the Circuit Court. The Circuit Judge has decided it to the satisfaction of all parties.

From this judgment of the Circuit Court the defendant has appealed to this Court upon the following grounds, which we will now consider in their order:

The first, second and third exceptions will be considered together.

1. "Because his Honor erred in finding, as a fact, that there had been an overcharge upon this consignment, when there is no evidence upon which this finding can be based.

2. "Because his Honor erred in considering the testimony of the plaintiff that there was an overcharge, when the plaintiff was not an expert and the only expert witness introduced by him testified that he could not give the correct rate.

3. "Because his Honor erred in holding that there was an overcharge, when there is no testimony to show that there was an overcharge, and, therefore, holding the defendant liable as a common carrier, attaching the penalty of fifty ($50) dollars."

There being some evidence tending to show that an overcharge was made upon this consignment, the Circuit Judge's ascertainment of such fact is not now reviewable by us. These exceptions are overruled.

4. "Because his Honor erred in not holding that this defendant was not liable, either as a common carrier or warehouseman, the goods having been in the warehouse for over thirty days, subject to the disposal of the plaintiff, the evidence showing that this defendant was not negligent."

The Circuit Judge, when he held that the defendant held the consignment as a common carrier and not as a warehouseman, was correct, because there is no doubt that when the defendant refused to allow the plaintiff to take his goods they were then in the hands of defendant as a common carrier.

If the railroad still held the goods, and the plaintiff refused to take the same beyond a certain period of time, then the defendant would be allowed to hold the same as warehouseman; but, as before remarked, such is not the case.  5 A. & E., 275; *Woodward* v. *Ill. Cen. R. R. Co.,* 33 Ill. App., 433.  This exception is overruled.

The fifth exception is virtually abandoned by the appellant itself, but under the decision of *Charles* v. *R. R. Co.,* 78 S. C., 36, it is clearly untenable.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE GARY *concurs in the result.*